IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

BRIDGETTE J. SCHORR, as : 
Administratix of the Estate of :
DAVID SCHORR, deceased, and :
as Surviving Spouse, Next Friend, :
Mother and Natural Guardian of : CIVIL ACTION NO.
ALIZA J. SCHORR, CAITLYN H. : 2:14-CV-207-RWS
SCHORR, and ETHAN S. :
SCHORR, Minor Children, :
 :
      Plaintiffs,

  v.

AERO ACCESSORIES, INC.,
a North Carolina Corporation for
Profit, *et al.*,

      Defendants.

## **ORDER**

This case is before the Court for consideration of Defendant Aero Accessories, Inc.'s ("Aero Accessories") Motion for Sanctions [126]; Defendant Aero Accessories' Motion for Attorney Fees [130]; and Plaintiffs' Motion for Leave to File Sur-Reply [138]. After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

## BACKGROUND

This case arises out of a plane crash that occurred in Georgia on September 13, 2012. (Compl., Dkt. [1] ¶ 1.) Both of the plane's occupants, Don Hall and David Schorr, died in the crash. (Id.) Plaintiff Bridgette Schorr is David Schorr's surviving spouse, and she sues both individually and as a representative of David Schorr's estate. The nine Defendants originally named in the Complaint[1] are companies that allegedly played roles in the design, manufacture, construction, or distribution of the plane or its components. (Id. ¶¶ 5-15.) Plaintiffs allege that the crash occurred when the plane lost power due to a detective fuel flow system, ignition system, or a combination of the two. (Id. ¶ 19.)

From the outset of the case, Aero Accessories' position has been that this Court lacked personal jurisdiction over Aero Accessories due to the absence of any nexus between Aero Accessories, the State of Georgia, and the allegedly defective part that it manufactured. (Decl. of Donald R. Andersen ("Andersen Dec.") [126-1] ¶ 3.) Defendant's counsel requested that Plaintiffs' counsel voluntarily dismiss the case. (Id.) When Plaintiffs' counsel did not voluntarily

---

[1]Five of the original Defendants have been voluntarily dismissed by Plaintiffs. [49, 50, 66, 145, & 147]

dismiss the case, Aero Accessories filed a Motion to Dismiss for Lack of Personal Jurisdiction [67] on January 12, 2015. After the motion was filed, counsel for Plaintiffs and Defendant revisited the issue of voluntary dismissal, but Defendant's counsel's efforts to secure a voluntary dismissal were unsuccessful. (Decl. of Catherine M. Banich ("Banich Dec."), Dkt. [126-2] ¶¶ 3-5.)

Following several consent extensions of time, Plaintiffs filed a Brief in Opposition [105] to Aero Accessories' motion on July 21, 2015. Plaintiffs asserted that personal jurisdiction over Aero Accessories was based on several grounds. First, Plaintiffs asserted that this Court had jurisdiction under Georgia's long arm statute based on the commission or omission of a tortious act occurring outside the state of Georgia that caused an injury in the state of Georgia by a tortfeasor who "regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). (Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pls.' MTD Resp. Br."), Dkt. [105] at 6-10.)

Plaintiffs also asserted that personal jurisdiction exists over Aero

3

Accessories under the "transacting business" prong of the Georgia long arm statute. O.C.G.A. § 9-10-91(1). (Pls.' MTD Resp. Br., Dkt. [105] at 10-21.) As a part of the "transacting business" argument, Plaintiffs asserted that Federal Aviation Regulation 14 C.F.R. § 21.50 required Aero Accessories to provide Instructions for Continued Airworthiness ("ICA") for the fuel pump installed on the accident aircraft. (Pls.' MTD Resp. Br., Dkt. [105] at 16.) After receiving Plaintiffs' Brief, Defendant Aero Accessories' counsel conducted a "meet and confer" telephone conference with Plaintiffs' counsel in which Aero Accessories' counsel advised Plaintiffs' counsel that § 21.50 is inapplicable to the allegedly defective Aero Accessories fuel pump. (Andersen Dec., Dkt. [126-1] ¶ 5.) On August 20, 2015, Plaintiffs' counsel filed a Notice of Errata [108] replacing the reference to § 21.50 with a reference to 14 C.F.R. § 21.3 as follows:

> "14 C.F.R. § 21.3 requires Aero Accessories, as a PMA holder, to, "(a) . . . report any failure, malfunction, or defect in any product or article manufactured by it that it determines has resulted in any of the occurrences listed in paragraph (c) of this section." Section 21.3(c) states, "[t]he following occurrences must be reported as provided in paragraphs (a) and (b) of this section: (10) an engine **problem**." Thus, if Aero Accessories knew or should have known with [sic] an engine malfunction caused

4

> by a lack of fuel flow, then it had a duty to report it. Moreover, a manufacturer such as Aero Accessories has a duty to issue a service bulletin to owners and operators of aircraft when it finds any defect or makes an improvement to one of its existing products.

(Pls.' *Errata*, Dkt. [108] at 2 (emphasis added).)

After five consent motions for extension of time were granted, Aero Accessories filed its Reply Brief [120] on September 11, 2015. In the Reply, Aero Accessories pointed out that the reference to § 21.3 by Plaintiffs misquoted the section by using the term "engine problem" rather than "engine failure." On September 30, 2015, the Court issued an Order [125] granting Aero Accessories' Motion to Dismiss for Lack of Personal Jurisdiction. In the Order, the Court addressed each of the grounds for personal jurisdiction asserted by Plaintiffs and found each to be lacking. The Court also noted that Plaintiffs had misquoted § 21.3. (Dkt. [125] at 23, n.5.)

On October 14, 2015, Aero Accessories filed the Motion for Sanctions [126] that is presently before the Court for consideration. In the Motion, Aero Accessories requests that the court impose monetary sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927. (Def.'s Br. in Supp. of Mot. for Sanctions ("Def.'s Sanctions Br."), Dkt. [126] at 4.) Aero Accessories

contends that counsel unreasonably and vexatiously expanded litigation by proceeding against it without any legitimate basis for personal jurisdiction. (Id. at 2-3.) Aero Accessories points to the improper invocation of Federal Aviation Regulations by Plaintiff's counsel, both the initial reference to 14 C.F.R. § 21.50 and the misquoting of § 21.3 in the Errata, as the linchpin in Plaintiff's jurisdictional argument and as evidence of Plaintiffs' counsel's intentional efforts to mislead the Court. (Id. at 20.) Aero Accessories' counsel explains that Aero Accessories is not proceeding under Federal Rule of Civil Procedure 11 in the present motion because the timing of the filing of the Errata did not afford him 21 days within which to serve a Rule 11 motion. (Id. at 14.)

In his response, counsel for Plaintiffs states that the improper reference to 14 C.F.R. § 21.50 and misquote of § 21.3 were inadvertent mistakes made by him without any intent to mislead the court. (Pls.' Br. in Opp'n to Def.'s Mot. for Sanction ("Pls.' Sanction Opp'n Br."), Dkt. [129] at 9.) In support of this contention, counsel points out that he was advised by opposing counsel of his error in citing § 21.50 on August 19, 2015. (Aff. of Patrick J. Gallagher, Dkt. [129-2] ¶ 5.) He immediately filed the Errata [108] on the next day. Counsel urges the court to consider his prompt response as evidence that he was not

6

intentionally seeking to mislead the Court. Counsel also cites this conduct in support of his argument that had counsel for Aero Accessories advised him of the misquote, he would have voluntarily corrected the same. (Pls.' Sanctions Opp'n Br., Dkt. [129] at 17.) Counsel also states that he had a good faith basis for asserting that § 21.3 applied as to Aero Accessories' alleged omissions. (Id. at 12-16.) Finally, counsel asserts that his conduct did not multiply the proceedings and that Aero Accessories has failed to show that the attorney fees and costs it seeks are reasonably connected to the excess proceedings. (Id. at 16-18.)

In its Reply Brief [133], Aero Accessories suggests that, based upon the experience and expertise of Plaintiffs' counsel, counsel's position that his actions with regard to the Federal Aviation Regulations were inadvertent should not be accepted. (Def.'s Reply Br. in Supp. of Mot. for Sanctions ("Def.'s Sanctions Reply Br."), Dkt. [133] at 4.) Aero Accessories also asserts that the position taken by plaintiffs that an engine failure is at issue and that § 21.3 may be applicable has, again, extended the litigation. (Id. at 10-12.) Aero Accessories submitted additional expert declarations in response to this position. (See Dkt. [133-1 & 134].)

7

On November 13, 2015, Aero Accessories filed a declaration and supporting documents for attorneys' fees [130], which is docketed as a Motion for Attorney Fees. This Motion is filed pursuant to Local Rule 54.2(A)(2).

## DISCUSSION

### I. Plaintiffs' Motion for Leave to File Sur-Reply [138]

Plaintiffs seek leave of court to file a surreply brief to Aero Accessories' Reply Brief for its Motion for Sanctions. "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). "A district court's decision to permit the filing of a surreply is purely discretionary," but a surreply "should generally only be allowed when 'a valid reason for such an additional briefing exists, such as where the movant raises new arguments in its reply brief." First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App'x 777, 788 (11th Cir. 2008) (quoting Fedrick, 366 F. Supp. 2d at 1197). The Court finds that the Reply Brief does not state new positions that warrant a further response from plaintiffs. Therefore, Plaintiffs' Motion for Leave to File Sur-Reply [138] is **DENIED**.

### II. Defendant Aero Accessories' Motion for Sanctions [126]

The Court is authorized to require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To justify an award of sanctions under § 1927, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotations omitted). Something more than a lack of merit or negligent conduct is needed to support the imposition of sanctions under § 1927. Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1242 (11th Cir. 2006).

The Court finds that the only conduct arguably subject to sanctions concerns Plaintiffs' counsel's representations regarding § 21.3. Counsel is not subject to sanctions for declining to voluntarily dismiss the case in response to Aero Accessories' counsel's request that he do so. Plaintiffs asserted arguable grounds for jurisdiction that were not solely dependent upon § 21.3. The fact that those grounds may have ultimately lacked merit does not equate to their being vexatious or unreasonable. Based on counsel's immediate retraction of

9

his argument based on § 21.50, the Court gives counsel the benefit of the doubt in concluding that that reference was inadvertent.

However, the Court finds counsel's explanation for the § 21.3 error less convincing. The use of "problem" rather than "failure" is significant. This was not an insignificant term buried inside a lengthy quote. The significance is further heightened when one considers the lack of evidence in the case that an engine failure occurred.

The Court was somewhat troubled that counsel for Aero Accessories did not call the misquote to Plaintiffs' counsel's attention or, at least, serve a Rule 11 notice. In light of the Court's willingness to freely grant extensions to the parties, Aero Accessories' counsel's explanation for not providing the Rule 11 notice is not very persuasive. In fact, counsel received five extensions of time within which to file the Reply Brief. Thus, it seems counsel could have expected to receive a continuance to allow time for a Rule 11 notice.

However, Plaintiffs' counsel's response to the Motion for Sanctions causes the Court to have less concern about the lack of notice from Defendant to Plaintiffs' counsel. Rather than acknowledging his mistake as he did regarding § 21.50, Plaintiffs' counsel took the position that engine failure was

an issue in the case and that § 21.3 is arguably applicable. This position is not supported in the record. While the Court recognizes that the merits of the case are not in issue in the consideration of this motion, counsel's good faith is an issue. In order to determine good faith, the court must look, at least to some extent, at the merits of the positions taken by counsel.

Based on the foregoing, the Court finds that Plaintiffs' counsel engaged in unreasonable and vexatious conduct that multiplied the proceedings. Therefore, Defendant Aero Accessories' Motion for Sanctions [126] is hereby **GRANTED**.

## III.  Defendant Aero Accessories' Motion for Attorney Fees [130]

"[T]he amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." Peer, 606 F.3d at 1314. In its Motion, Aero Accessories seeks all fees and costs associated with the Motion to Dismiss. As noted above, the objectionable conduct is limited to Plaintiffs' counsel's assertions based on § 21.3. Therefore, Aero Accessories is only entitled to an award of fees and costs occasioned by that conduct. The Court has reviewed the submissions and concludes that an award of $10,000.00[2] as attorney fees

---

[2]The Court has taken into account that Aero Accessories is not entitled to compensation for all work done on the Motion to Dismiss [67] because all of the

11

and $8,300.00[3] as costs is appropriate. Accordingly, Defendant Aero Accessories' Motion for Attorney Fees [130] is **GRANTED**, and Defendant Aero Accessories is awarded $18,300.00 against Plaintiffs' counsel, Patrick J Gallagher, and his firm, Katzman, Lampert & McClune, P.C.

The award of fees and costs herein are for fees and costs in both the present case and in Gennett Hall, et al. v. Aero Accessories, Inc., et al., No. 2:14-CV-206-RWS. The Clerk shall enter a single **JUDGMENT** jointly in the cases in favor of Plaintiffs and against Patrick J. Gallagher and Katzman, Lampert & McClune, P.C. in the total sum of $18,300.00.

**SO ORDERED**, this 29th day of April, 2016.

_____
**RICHARD W. STORY**
United States District Judge

---

issues addressed in the Motion were not unreasonable or vexatious. The Court has reduced the claim accordingly. The Court has also taken into account that the Motion for Attorney Fees [130] did not include time for work done after the filing of the Motion and has increased the claim accordingly.

[3]The Court reduced the expert fees for time attributable to the § 21.50 issue.